Argued and submitted April 3, 1996, affirmed on appeal and cross-appeal
March 19, 1997

## Robert N. EDWARDS, M.D.,
### *Respondent - Cross-Appellant,*

*v.*

## MERLE WEST MEDICAL CENTER,
### an Oregon nonprofit corporation,
### *Appellant - Cross-Respondent.*

### (93-03029; CA A89022)

935 P2d 442

Barbara M. DiIaconi argued the cause for appellant - cross-respondent. With her on the briefs was Boivin, Jones, Uerlings, DiIaconi & Oden.

B. Kevin Burgess argued the cause for respondent - cross-appellant. With him on the briefs was Watkinson Laird Rubenstein Lashway & Baldwin, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

Armstrong, J., concurring in part and dissenting in part.

## WARREN, P. J.

Plaintiff is a pathologist who provided professional services to defendant Merle West Medical Center pursuant to a written contract. He brought an action against defendant for breach of that contract for failure to pay amounts allegedly due him for his services. Defendant appeals from a judgment entered on a jury verdict in favor of plaintiff. Plaintiff cross-appeals from rulings limiting evidence. We affirm on the appeal and on the cross-appeal.

The parties' dispute centers on paragraph 4 of their contract,[1] which provides:

> "4. *Additional Compensation and Billing*: Hospital will bill professional fees to the patient and maintain records to identify the physician component by physician. It shall report to Pathologists their respective components on a monthly basis. On or before September 15 of each year, Hospital shall pay to each Pathologist the amount, if any, by which 90 percent of the professional fee for pathological services received by the Hospital exceeds $138,889.00 per year. The professional fees billed by the Hospital shall be determined by the Hospital in such amount as it deems appropriate, but shall not exceed the current Medicare screens."

Plaintiff's second amended complaint alleged, *inter alia*, that defendant was required to compensate plaintiff pursuant to paragraph 4 and that defendant had breached the contract

> "in that it failed to record, bill and collect [plaintiff's] professional fees for services performed, failed to pay him compensation due under the contract, and failed to make payments in the time required."

Before trial, defendant filed a motion *in limine* asking that "[p]laintiff be instructed not to offer evidence that will vary the terms of the written contract." The court granted the motion.

The evidence at trial showed that, for insurance billing purposes, pathology services such as those performed by

---

[1] There is no issue related to paragraph 3, which details plaintiff's base compensation.

plaintiff for defendant are charged to payors based on Physician's Current Procedural Terminology (CPT) codes. Defendant used those codes, which describe the medical services provided to patients and determine the amount to be charged and paid for them. Plaintiff presented evidence that, throughout the six years that plaintiff performed under the contract, defendant regularly used the wrong CPT codes to charge payors for pathology services performed by plaintiff and did not charge at all for a significant portion of plaintiff's services. The jury found that defendant had breached the contract and awarded plaintiff $280,000 in damages.

On appeal, defendant assigns error to the submission to the jury of the issue of the compensation due plaintiff.[2] It argues that paragraph 4 of the contract gave it complete discretion whether to bill for plaintiff's services. It contends that in ruling on its motion *in limine*, the court held that paragraph 4 was unambiguous "in its entirety." It follows that it could not be liable to plaintiff, defendant maintains, because plaintiff's claim was premised on defendant's alleged failure to bill for plaintiff's services.

Plaintiff agrees that the contract gave defendant the discretion to determine the amount to bill for his services. He contends, however, that the contract did not give defendant "unfettered discretion to bill or not, at its whim, professional fees for the services [that p]laintiff performed" and that defendant's assertion that the court held that the contract was free of ambiguity "significantly overstates the court's rulings."

We agree with plaintiff that the court's ruling on the motion *in limine* did not extend as far as defendant asserts. The issue on that motion was whether the amount due plaintiff under paragraph 4 was to be based on the amount *billed* by defendant each year for professional pathology services or on the amount *received* each year. Defendant contended that paragraph 4 unambiguously provided that the calculation

---

[2] Defendant's assignment of error does not comply with ORAP 5.45(4), which requires that the pertinent portions of the record that are being challenged be set out verbatim. However, we address defendant's argument here, which is really a challenge to the court's denial of its motion for a directed verdict, because plaintiff has identified those portions of the record necessary for review.

was to be based on the annual receipts. The court agreed with defendant and granted defendant's motion for partial summary judgment and its motion *in limine* on that basis.[3]

That ruling did not encompass a decision on whether the contract unambiguously gave defendant the right to decide whether to bill for plaintiff's services. Defendant did not raise the issue about its discretion to bill for services until it moved for a directed verdict.[4] Hence, the court's prior rulings did not address that issue and therefore have no bearing on whether it erred in denying defendant's motion for a directed verdict.

The court did not explain the reason that it denied defendant's directed verdict motion. Plaintiff posits that the court could have determined (1) that the contract did not give defendant unfettered discretion whether to bill for plaintiff's services or (2) that the contract was ambiguous about defendant's billing obligations, thereby presenting an issue for the jury to decide or (3) that, independently of either of those reasons, the jury was entitled to decide whether defendant breached its obligation of good faith and fair dealing in performing its billing obligations. We agree with plaintiff that, on any of those grounds, the trial court's ruling was correct.

■　　　Defendant's argument depends on its position that paragraph 4 gives it discretion whether to bill. We conclude

---

[3] That its rulings were directed to that issue is confirmed by the court's explanation of its decision to deny plaintiff's motion to reconsider its ruling on the motion *in limine*. The court explained:

"I simply do not find an ambiguity in that paragraph, nor do I think that a reasonable person could interpret it in any way but — in terms of monies, fees received by the hospital."

[4] At that time, defendant argued:

"[T]he defense moves for a directed verdict on the issue that the contract gave [defendant] the full discretion as to the amount of the professional fees that were billed. The agreement states that * * * 'the professional fees billed by the Hospital shall be determined by the Hospital in such amount as it deems appropriate, but shall not exceed the Medicare screens.' Under the terms of this agreement, [defendant] had the right to determine what those professional fees were and to bill whatever they determined to be an appropriate amount."

Defendant contended that it had performed its contractual obligation in good faith. Significantly, it did not argue that the court's prior ruling on the motion *in limine* had any bearing on the motion for a directed verdict.

that the contract does not give it that discretion. Paragraph 4 is entitled "Additional Compensation," which has meaning only if there is to be such compensation. The language specifies that "Hospital *will* bill professional fees," not that it "may bill," and that hospital "*will* maintain records to identify the physician component by physician" and "*shall* report * * * on a monthly basis." (Emphasis supplied.) The requirements for detailed and periodic reporting to the physician have meaning only if defendant is billing. Furthermore, the discretion that paragraph 4 gives defendant assumes that there will be bills for sums of money: "professional fees *billed* by the Hospital shall be determined by the Hospital *in such amount* as it deems appropriate[.]" (Emphasis supplied.) We do not agree with defendant's claim that, as a matter of law, incorrect charges or no charges at all are within defendant's discretion.

█     The determination of the parties' intent on that issue presented an issue for the jury. *See Meskimen v. Larry Angell Salvage Co.*, 286 Or 87, 92-93, 592 P2d 1014 (1979) (if agreement is ambiguous, its meaning is a matter to be decided by the trier of fact when extrinsic evidence is received).[5] Furthermore, even if defendant had the discretion it claims, the jury was entitled to decide whether defendant breached its obligation of good faith and fair dealing in performing its billing obligations. *See Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991) (amount of NSF fee was within unilateral discretion of defendant but whether changes in fees were made in good faith to be decided by reasonable contractual expectations of the parties). The trial court did not err in denying defendant's motion for a directed verdict and submitting the compensation issue to the jury.

Because of our decision on defendant's appeal, we need not address plaintiff's cross-assignment of error. We turn, therefore, to plaintiff's cross-appeal. Plaintiff assigns error to the trial court's grant of defendant's motion *in limine*, precluding plaintiff from offering evidence to explain the meaning of the following provision of the contract. He argues

---

[5] During closing arguments, both plaintiff and defendant argued their positions about defendant's discretion to bill for plaintiff's services.

that the third sentence of paragraph 4 is inherently ambiguous. It provides:

> "On or before September 15 of each year, Hospital shall pay to Pathologist the amount, if any, by which 90 percent of the professional fee for pathological services received by the Hospital exceeds $138,889.00 per year."

■ Plaintiff contends that under the contract, he was entitled to have his extra compensation based on the amount the hospital billed, not its receipts. He further contends that the sentence is ambiguous and that, without extrinsic evidence, it cannot be determined whether additional compensation is based on amounts billed by the hospital for pathological services or on amounts received by the hospital for pathological services. If the latter, the compensation is based on the Hospital's annual billings for those services. If the former, the compensation is based on the Hospital's annual receipts for plaintiff's professional services.

■ We review a ruling whether contractual language is ambiguous for errors of law. *Hauge v. Vanderhave*, 121 Or App 221, 224, 854 P2d 1002, *rev den* 317 Or 583 (1993). A contract provision is ambiguous if it has no definite significance or if it is capable of more than one sensible and reasonable interpretation; it is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *May v. Chicago Insurance Co.*, 260 Or 285, 292-93, 490 P2d 150 (1971).

The trial court was correct. The phrase cannot be read reasonably to mean what plaintiff contends. The first, second and fourth sentences in paragraph 4 of the parties' contract refer to the professional fees billed. The third sentence in the paragraph, which provides the formula for the computation of the additional compensation, refers only to the amount of the fees "received." It makes no reference to the amounts billed. Plaintiff's entitlement to "additional compensation" accrued when the hospital received payments for services in excess of $138,889.00 per year. The trial court properly granted defendant's motion *in limine* and we affirm on plaintiff's cross-appeal.

Affirmed on appeal and cross-appeal.

**ARMSTRONG, J.,** concurring in part and dissenting in part.

I agree with the majority that the trial court properly denied defendant's motion for a directed verdict. I respectfully disagree with its conclusion that the parties' contract unambiguously provides that plaintiff's compensation is based on a percentage of the amounts that defendant receives for plaintiff's pathological services, as opposed to the amounts that it bills for those services.

The language at issue is the third sentence of paragraph 4 of the contract. It provides:

"On or before September 15 of each year, Hospital shall pay to Pathologist the amount, if any, by which 90 percent of the professional fee for pathological services received by the Hospital exceeds $138,889.00 per year."

Plaintiff contends that, without additional information, it cannot be determined whether the phrase "received by the Hospital" modifies "the professional fee" or "pathological services." In other words, he contends that one cannot tell whether the sentence means that his additional compensation is based on the "fees received by the Hospital for pathological services" or on the "fees for pathological services received by the Hospital." If it is the former, plaintiff's compensation is based on defendant's annual receipts for plaintiff's professional services. If the latter, it is based on defendant's annual billings for those services.

Plaintiff contends, therefore, that the court erred in holding that the sentence unambiguously establishes that the compensation due him is measured by the professional fees that defendant received. He argues, instead, that the proposal on which the contract was based, the representations by defendant's president during the negotiation of the contract, and the course of performance by those involved in the contract's negotiation demonstrate that the third sentence was intended to mean that billings, rather than receipts, determine the compensation due.

We review a ruling on whether contractual language is ambiguous for errors of law. *Hauge v. Vanderhave*, 121 Or

App 221, 224, 854 P2d 1002, *rev den* 317 Or 583 (1993). A contract provision is ambiguous if it has no definite significance or if it is capable of more than one sensible and reasonable interpretation; it is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *May v. Chicago Insurance Co.*, 260 Or 285, 292-93, 490 P2d 150 (1971). Parol evidence is admissible to explain the circumstances under which a written contract was made, but that evidence cannot vary the terms of the contract. *Deerfield Commodities v. Nerco, Inc.*, 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985).

The phrase "received by the Hospital" is critical to the amount of damages that plaintiff can recover, and each party's interpretation of that phrase is plausible. The phrase can be read to modify only "pathological services," which immediately precedes it. Under that reading, plaintiff's compensation would be based on billings rather than receipts. That reading is bolstered by the fact that paragraph 4 requires defendant to give plaintiff monthly reports of its *billing* of plaintiff's professional fees, not of its *receipt* of those fees, which suggests that the additional compensation due plaintiff also is based on billings, not receipts. Plaintiff also presented evidence to the court that, during negotiations, he and another pathologist were told by defendant's then-CEO that the pathologists' annual compensation would be based on billings rather than receipts.

In fact, in order for the third sentence to read unambiguously the way the majority says that it does, the parties would have had to write it differently than they did. Instead of providing that plaintiff's compensation would be based on "the professional fee for pathological services received by the Hospital," the sentence should have been written to provide that his compensation would be based on "the professional fees received by the Hospital for pathological services." As phrased, the sentence is inherently ambiguous, as plaintiff contends.[1]

---

[1] The majority disagrees, contending that it is obvious that defendant receives fees and not pathological services, so the disputed sentence in paragraph 4 cannot be understood to mean what plaintiff says it means. In fact, the contract provides that defendant

"does hereby retain the services of [plaintiff] for the provision of nuclear medicine and pathology services *to the Hospital*."

Moreover, contrary to defendant's contention, the construction for which plaintiff contends is unremarkable. Under plaintiff's construction, he is paid based on the amount of work that he does, which is measured by the billable services that he provides to defendant. That arrangement is no different from that of a contract attorney who provides legal services to a law firm based on the number of billable hours that the attorney works. If the attorney does more work, the attorney is paid more money, without regard to whether the firm collects the fees represented by that work.

Although plaintiff's interpretation of the third sentence is a plausible interpretation, it is not conclusive. Under paragraph 4, the phrase "for pathological services" modifies "the professional fee." Thus, the parties could have intended the phrase "received by the Hospital" to modify "the professional fee for pathological services," as defendant contends. Because the sentence is ambiguous, the court erred in granting defendant's motion to limit evidence of the parties' intent regarding it. *See Interstate Fire v. Archdiocese of Portland*, 318 Or 110, 118, 864 P2d 346 (1993) (award of summary judgment might be inappropriate if ambiguity in meaning of insurance policy left factual issue of parties' intent). The majority errs in concluding otherwise.

(Emphasis supplied.) Given that language, which states that the pathological services that are the subject of the contract are services that plaintiff provides *to defendant*, plaintiff's reading of the disputed sentence in paragraph 4 is not unreasonable.