Argued and submitted February 10, affirmed March 11, 1998

## RESOURCES NORTHWEST, INC.,
*Respondent,*

*v.*

## Daniel R. CROTHERS,
*Appellant.*

(D971300EV; CA A99062)

955 P2d 763

Susan L. Frank and Mark G. Passannante argued the cause for appellant. With them on the brief was Broer & Passannante, P.C.

Kevin W. Luby argued the cause for respondent. With him on the brief was Jordan, Caplan, Paul & Luby.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

This appeal arises out of an action under the Forcible Entry and Detainer Act, ORS 105.105 *et seq.*, in which plaintiff sought recovery of possession of premises rented for a manufactured home. The trial court entered judgment in favor of plaintiff and defendant appeals. We affirm.

In assigning error to what appear to have been rulings on multiple related motions for directed verdict, defendant has not complied with ORAP 5.45(4), which requires that defendant "set out verbatim the pertinent portions of the record, if [the assignment of error] relates to a specific ruling that is being challenged." Defendant also has not complied with ORAP 5.40(10), which requires an opening brief to contain all matters necessary for decision, with references to the record. Specifically, defendant neither set forth the portions of the record that reflect the grounds on which the motions were made and on which defendant resisted them, nor the actual rulings of the trial court. Nor did defendant cite where in the record the relevant motions, rulings, and arguments can be found.[1]

We have, under some circumstances, excused the lack of strict compliance with requirements of ORAP 5.45(4) where noncompliance has not significantly hampered our review. *See, e.g., Edwards v. Merle West Medical Center*, 147 Or App 71, 74 n 2, 935 P2d 442 (1997) (where defendant failed to set forth verbatim pertinent portions of the record, but adequately identified the portions of the record necessary for review, court would consider challenge to trial court's denial of motion for directed verdict); *State v. Alvord*, 118 Or App 111, 114, 846 P2d 432 (1993) (although defendant failed to set forth motion for mistrial verbatim, brief included the quotations that prompted the motion and referred to the relevant audio tape and cue numbers, thereby obviating a search of the record on appeal). Conversely, we have declined to reach assigned errors where noncompliance with the rules

---

[1] The judgment, which is appended to defendant's brief, recites the fact that during the proceedings, the trial court granted motions for directed verdict on certain claims and counterclaims. The grounds for the motions and rulings are not specified. The judgment does not facilitate our review of the issue raised.

has required this court to search the record to review relevant motions, rulings, and arguments. *See, e.g., State v. Yarbor*, 133 Or App 360, 362-63, 891 P2d 703, *rev den* 321 Or 513 (1995); *Farrimond v. Louisiana-Pacific Corp.*, 103 Or App 563, 565-66, 798 P2d 697 (1990). This case falls into the latter category. We are not willing to search the record, which consists of five audio tapes, in order meaningfully to review the assigned error.[2]

Affirmed.

---

[2] We do not suggest that the extent to which our review is or is not impeded is the *only* criterion that can influence whether we will or will not reach assignments that do not comply with the rules.