On appellant's petition for reconsideration filed June 17, reconsideration allowed; former opinion (199 Or App 448, 112 P3d 371) adhered to August 17, 2005

# JESSE CLARENCE PRATT,
*Appellant,*

*v.*

# Nicholas ARMENAKIS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

## 93C-13559; A107068

118 P3d 821

Kathleen M. Correll and Mary M. Reese for petition.

Before Haselton, Presiding Judge, and Brewer, Chief Judge,* and Ortega, Judge.

HASELTON, P. J.

---

* Brewer, C. J., *vice* Richardson, S. J.

**HASELTON, P. J.**

Petitioner seeks reconsideration of our decision affirming the post-conviction court's denial of his petition for post-conviction relief. *Pratt v. Armenakis*, 199 Or App 448, 112 P3d 371 (2005). Petitioner contends that we "made a factual error in our decision," ORAP 6.25(1)(a), and that we "erred in construing or applying the law," ORAP 6.25(1)(e). As explained below, we reject petitioner's contentions and adhere to our opinion.

Petitioner advances three primary arguments on reconsideration. First, he asserts, we failed to properly assess the facts in support of his contention that he received inadequate assistance of trial counsel when trial counsel failed to seek a competency hearing after petitioner declined a plea offer of life imprisonment. Second, petitioner contends that we failed to discuss some of the cases he cited concerning due process in our discussion of this assignment of error. Finally, petitioner asserts that we erred in concluding that trial counsel did not provide inadequate assistance when they did not advance a mental disease or defect defense over petitioner's objection.

We turn first to petitioner's contention that we made a factual error in our decision. Petitioner lists numerous facts from the record concerning his mental condition that he contends, when considered together, should have raised a serious question in the minds of defense counsel as to petitioner's competency to make a reasoned decision about the plea offer. The problem with petitioner's argument is that it misconstrues both the nature of ORAP 6.25(1)(a) and our standard of review in this type of case.

Although petitioner does point to evidence in the record that our opinion did not mention, that does not mean that we made "a factual error in our decision." ORAP 6.25(1)(a). Our opinion recounted in detail the post-conviction court's factual findings, which included findings that petitioner aided and assisted in his defense in numerous ways and that petitioner's trial counsel discussed the plea offer at length with petitioner and reasonably believed that petitioner understood the plea offer. *Pratt*, 199 Or App at 460-61. We

also recounted evidence in the record that supported those findings. *Id.* at 461-62. What petitioner fails to appreciate in his petition for reconsideration is that our review is limited to determining whether there is *any* evidence in the record to support the post-conviction court's findings. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). Under that standard of review, we do not reweigh the evidence or speculate whether the evidence might have supported other factual findings than those made by the trial court. We simply determine whether any evidence *does* support the findings of the trial court; we concluded that it did. Accordingly, petitioner's argument that we made a factual error in our decision is not well taken.

■ Petitioner next contends that, in discussing his argument that trial counsel were inadequate because they failed to seek a competency hearing after petitioner declined the plea offer, we failed to discuss several cases decided under the Due Process Clause, which were cited in petitioner's brief. Petitioner notes that, in addressing counsel's alleged inadequacy in that particular, we framed our discussion by reference to Oregon's statutory scheme for conducting hearings to determine whether a criminal defendant is able to aid and assist in his defense, ORS 161.360 to 161.370. *Pratt*, 199 Or App at 458. Given that the gravamen of petitioner's complaint was that counsel was inadequate for failing to request a hearing *pursuant to those statutes,* and given that petitioner never suggested that those statutes did not comport with due process, our analysis was, and is, complete.[1]

■ Finally, petitioner contends that we erred in construing or applying the law when we concluded that trial counsel did not provide constitutionally inadequate assistance by failing to assert a mental disease or defect defense at trial over petitioner's objection. In concluding that such a defense could not be raised over a criminal defendant's objection, we relied on prior case law, including *State v. Peterson*, 70 Or

---

[1] We have recently noted, albeit in a slightly different context, that the scheme prescribed by ORS 161.360 to 161.370 does comport with due process and, in fact, provides somewhat more protection to criminal defendants than required by the Due Process Clause. *State v. Cunningham*, 197 Or App 264, 288-89, 288 n 12, 105 P3d 929 (2005).

App 333, 689 P2d 985 (1984). *Pratt,* 199 Or App at 463. Petitioner contends on reconsideration that *Peterson* was wrongly decided and should be overruled, suggesting that this court should instead adopt case law from other jurisdictions that was expressly rejected in *Peterson.*

There are numerous problems with petitioner's argument. First, petitioner's argument that *Peterson* was wrongly decided is entirely new and, thus, is not an appropriate matter for reconsideration. *See Kinross Copper Corp. v. State of Oregon,* 163 Or App 357, 360, 988 P2d 400 (1999), *rev den,* 330 Or 71 (2000) (matter not raised in the opening brief may not be raised on reconsideration). In a related sense, we did not err "in construing or applying the law," ORAP 6.25(1)(e), by following settled Oregon case law, the vitality of which was not challenged by petitioner on appeal. Finally, and most fundamentally, petitioner's argument loses sight of the underlying nature of the claim here—*viz.*, that trial counsel provided inadequate assistance in failing to advance a mental disease or defect defense over petitioner's objection. Given that *Peterson* precluded trial counsel from pursuing such a course, this alleged "default" could not constitute inadequate assistance of counsel.

Petitioner's remaining contentions on reconsideration were not raised, or cognizably developed, on appeal. Accordingly, they are rejected without substantive discussion. *See Kinross,* 163 Or App at 360.

Reconsideration allowed; former opinion adhered to.