JAMES, J.
*404 Defendant appeals from a judgment of conviction of one count of felony murder, ORS 163.115, one count of manslaughter, ORS 163.118, and one count of assault in the second degree, ORS 163.175. On appeal, defendant raises four assignments of error. We reject the third and fourth without discussion. His first and second assignments raise a combined challenge to the trial court's denial of his special requested jury instruction. We conclude that the instruction proffered to the trial court was not a correct statement of law, and affirm.
The facts underlying defendant's conviction were summarized by the Oregon Supreme Court in State v. Lopez-Minjarez , 350 Or. 576, 260 P.3d 439 (2011) :
"The charges in this case arose after defendant and his father drove in defendant's truck to the home of a man who was having an extra-marital affair with defendant's mother. When defendant and his father arrived at the man's home, no one was there. The victim-the man's teen-aged son-arrived shortly thereafter. When victim arrived, defendant or his father, or the two of them together, pushed the victim into the house, where the victim was shot, but not killed. The victim was then forced into defendant's truck and taken to a remote area off a logging spur road, where he was killed. Police arrested defendant later that night at his home, after a neighbor reported seeing the victim abducted and gave police the license plate number of the truck in which he was taken. Defendant's father was never apprehended by authorities."
Id. at 578, 260 P.3d 439.
Following a series of appeals, this case came back before the trial court for retrial. In advance of that retrial, the state, defense counsel, and the trial court engaged in an extensive discussion, over the course of several months, regarding the legal standard and proper instruction for felony murder. That back and forth discussion included multiple *1111 filings with the court. In his final filing, defendant set forth his latest version of his proposed instruction:
"Felony Murder requires a 'causal connection' between the felony the defendant was committing and the homicide.
*405 If the felony was completed, terminated, or withdrawn from prior to the coparticipant's commission of the felony , this may be sufficient to break the causal connection between the felony and the homicide in a manner which relieves the defendant of legal responsibility for felony murder."
(Emphasis added.)
The trial court refused to give the proposed instruction. Ultimately, the jury found defendant guilty on six counts of manslaughter in the first degree, ORS 163.118, as lesser included offenses to aggravated murder (Counts 1 through 6). The jury also convicted defendant of the two felony murder counts (Counts 7 and 8) and the second-degree assault count (Count 11). Defendant's prior convictions for kidnapping in the first degree (Count 9) and burglary (Counts 12 and 13) were affirmed on appeal.
On appeal, defendant assigns as error the trial court's refusal to give his proposed jury instruction on felony murder. Appellate defense counsel acknowledges that the italicized wording in that last-in-time filing was not a correct statement of the law. Both defense counsel and the state classify the requested instruction as containing a "typographical error" and urge this court to read the instruction as intending to say "commission of the homicide" as opposed to "commission of the felony." For the reasons discussed below, we decline that invitation.
Following oral argument on appeal, this court asked both parties to provide supplemental briefing on whether either party, on or off the record, alerted the trial court to the error in the written proposed instruction. In their briefing before this court, both parties acknowledge that the error was not identified by anyone until this case came before us on appeal.
The parties' classification of this as a "typographical" error misapprehends how jury instructions are created at the trial court, and how they are reviewed on appeal. At trial, while the parties and the trial court judge may engage in extensive discussions about which jury instructions to use, the actual compiling of the final written instructions is commonly done by the court clerk. In doing so, a frequent *406 practice is for the clerk to copy the agreed upon instructions from the operative party filings into a final document of approved instructions. It is from this document that the trial court judge instructs the jury, by reading verbatim. And it is this document that is present with the jury during their deliberations. In creating the final jury instructions, rarely are instructions orally dictated to the clerk. As such, the written language contained in the party filings tends to control the final product.
Because of this process, the submission of written proposed instructions requires technical precision. Details matter, and in the context of written jury instructions, any word choice that affects the meaning of the instruction in a material way cannot be considered by us as merely a "typographical" error. In reviewing jury instructions, we review the instruction as submitted, not what the parties intended to submit, or hoped would be corrected if an observant court clerk caught the error. Hence, as the Oregon Supreme Court has made clear "a proposed instruction must be complete and accurate in all respects ." Estate of Michelle Schwarz v. Philip Morris Inc. , 348 Or. 442, 454, 235 P.3d 668, adh'd to on recons , 349 Or. 521, 246 P.3d 479 (2010) (citing Hernandez v. Barbo Machinery Co. , 327 Or. 99, 106, 957 P.2d 147 (1998) (emphasis added)).
In asking us to assume that, prior to the jury being instructed, someone would have caught the so-called "typographical" error, the parties ask this court to engage in improper speculation, which we cannot do. Stewart v. Division of State Lands , 237 Or. App. 86, 94, 239 P.3d 263 (2010), rev. den. , 350 Or. 530, 257 P.3d 1020 (2011) ; Wahlgren v. DMV , 196 Or. App. 452, 457, 102 P.3d 761 (2004) ; Beall Transport Equipment Co. v. Southern Pacific , 186 Or. App. 696, 701 n. 2, 64 P.3d 1193, adh'd to on recons , 187 Or. App. 472, 68 P.3d 259 (2003) ;
*1112 Resources Northwest, Inc. v. Crothers , 153 Or. App. 24, 26-27, 955 P.2d 763 (1998).
In this case, we cannot judge the instruction based on what the parties intended to submit. We are confined to what was, in fact, submitted. And the written form of that submission, by everyone's agreement, was not a correct statement of the law. It is well settled that it is not error *407 for a trial court to refuse to give an instruction unless that instruction was correct in all respects. Beglau v. Albertus , 272 Or. 170, 179, 536 P.2d 1251 (1975) ; Denton v. Arnstein , 197 Or. 28, 49, 250 P.2d 407 (1952).
Accordingly, the trial court did not err.
Affirmed.