HADLOCK, P. J.
*2 On appeal from a judgment of conviction for harassment, ORS 166.065, and fourth-degree assault, ORS 163.160, defendant assigns error to one of the instructions given to the jury by the trial court. Because the claimed error was not preserved before the trial court, we do not address it on the merits and, therefore, affirm.
This case involves a series of events that occurred outside of a bar in Corvallis, and involved a bartender and bouncers from the bar along with defendant and his friends, who had been drinking at the bar. In particular, the charges against defendant stemmed from allegations that he had hit a bartender who was taking a break outside the bar and had bitten the finger of a bouncer who restrained him.
Before the trial court, defendant requested, and was granted, a self-defense instruction. See ORS 161.209.[1] The state responded by seeking an instruction describing the provocation limitation on the right to self-defense. See ORS 161.215.[2] The court agreed *499 to give that instruction and, ultimately, instructed the jury as follows:
"The defendant is not justified in using physical force on another person if he provoked the use of unlawful physical force by that other person with the intent to cause physical injury or death to the other person."
*3 On appeal, defendant asserts that the evidence did not support the giving of that instruction and, therefore, the trial court erred. The state, for its part, responds that we should not address defendant's contention because defendant failed to preserve his argument in the trial court. We agree with the state.
Before the trial court, defendant objected to the giving of the provocation-limitation instruction as follows: "The defense takes exception to the introduction of the instruction regarding the defense use of physical force and defense of person for provocation." Defendant did not elaborate or present the court with any argument regarding why the proposed instruction was inappropriate.
Generally, to be considered on appeal, a claim of error must first have been raised before the trial court. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief * * *, provided that the appellate court may, in its discretion, consider a plain error."); State v. Vanornum , 354 Or. 614, 631, 317 P.3d 889 (2013) (appellate court must evaluate whether a defendant preserved a claim of instructional error based on the "court's preservation jurisprudence"). For a claim of error to be preserved, the party must have provided "the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately." State v. Wyatt , 331 Or. 335, 343, 15 P.3d 22 (2000) ; see Vanornum , 354 Or. at 632, 317 P.3d 889 (applying that standard to preservation of instructional error).
The state identifies a number of reasons that a party may oppose a requested jury instruction, many of which involve distinct analyses:
"(1) the instruction misstates the law; (2) the instruction does not serve the requesting party's theory of the case; (3) the instruction is unsupported by the evidence; (4) the instruction is irrelevant; (5) the instruction risks confusing the jury; (6) the instruction contains a legally-significant typographical error."
*4 See, e.g. , State v. Lopez-Minjarez , 289 Or. App. 403, 405-07, 410 P.3d 1109 (2017) (trial court did not err in refusing to give an instruction that, as a consequence of a "so-called 'typographical error,' " was not a correct statement of the law); State v. Harryman , 277 Or. App. 346, 357, 371 P.3d 1213, rev. den. , 360 Or. 401, 381 P.3d 843 (2016) (trial court must "refrain from instructing the jury on irrelevant matters, or those that may have the effect of confusing the jury"); State v. Beck , 269 Or. App. 304, 309, 344 P.3d 140, rev. den. , 357 Or. 164, 351 P.3d 52 (2015) (in general, trial court has a duty to give an instruction that correctly states the law, supports a party's theory of the case, and is supported by the record). Here, defendant did not identify to the trial court a particular problem with the proposed instruction or otherwise explain the ground on which he objected to the instruction. Instead, as noted, he raised only a generic objection to the giving of the instruction. However, the issues raised on appeal are fact-dependent, and involve a contention that, although an "initial aggressor" instruction may have been justified under ORS 161.215(2), the closely-related provocation instruction under ORS 161.215(1) was not.
In the circumstances of this case, defendant's objection failed to serve the purposes of preservation and, therefore, did not preserve his contention for purposes of appeal. See State v. Parkins , 346 Or. 333, 341, 211 P.3d 262 (2009) ("Ultimately, the preservation rule is a practical one, and close calls *500 * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served."); State v. Roberts , 291 Or. App. 124, 130, 418 P.3d 41 (2018) ("The purposes of the preservation requirement are to (1) apprise the trial court of a party's position such that it can consider and rule on it, (2) ensure fairness to the opposing party by avoiding surprise and allowing that party to address all issues raised, and (3) foster full development of the record."). The objection did not alert the trial court of defendant's view that the instruction was not supported by the evidence. Furthermore, had defendant raised to the trial court the arguments he now makes on appeal, the court could potentially have avoided the alleged error by, for example, giving a different jury instruction such as *5 the initial-aggressor instruction (which defendant acknowledges is the theory that the state argued to the jury and that the evidence arguably supported). See Peeples v. Lampert , 345 Or. 209, 219, 191 P.3d 637 (2008) ("Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal."). Because defendant failed to preserve his assignment of error before the trial court, we do not consider it.[3] See Wyatt , 331 Or. at 346-47, 15 P.3d 22.
Affirmed.

ORS 161.209 provides:
"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

ORS 161.215 provides:
"Notwithstanding ORS 161.209, a person is not justified in using physical force upon another if:
"(1) With intent to cause physical injury or death to another person, the person provokes the use of unlawful physical force by that person; or
"(2) The person is the initial aggressor, except that the use of physical force upon another person under such circumstances is justifiable if the person withdraws from the encounter and effectively communicates to the other person the intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force; or
"(3) The physical force involved is the product of a combat by agreement not specifically authorized by law."

Defendant does not request that we review the asserted error as plain error. See ORAP 5.45(1).