*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted March 10, affirmed April 19, petition for review denied August 3, 2023 (371 Or 309)

MARIO ALBERTO C. MENDOZA,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV27188; A177336

Claudia M. Burton, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Affirmed.

**ARMSTRONG, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief in which he challenged convictions entered in two criminal cases where he had pleaded guilty in 2016 pursuant to a global plea agreement. Each criminal case resulted in one conviction for delivery of methamphetamine, and various other charges were dropped pursuant to the agreement. In one of the cases, petitioner received a sentence of 65 months' imprisonment; in the other, he received a consecutive sentence of nine months' imprisonment. In his post-conviction petition, petitioner asserted that his convictions and sentences were unlawful, because his criminal history score used in calculating the sentences for the 2016 convictions was based in part on his prior conviction in 2008 for first-degree kidnapping, and that conviction had been the result of a nonunanimous jury verdict. He argued that *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), in which the Court held that nonunanimous jury verdicts violated the Sixth Amendment to the United States Constitution, applied retroactively to his 2008 conviction and resulted in an unconstitutional criminal history used in the sentences on his 2016 convictions, thus rendering the 2016 sentences void.[1] He also asserted that he received inadequate assistance of counsel, because counsel had failed to advise him that his 2008 kidnapping conviction should not have been used to calculate his criminal history score for the 2016 offenses.[2] After a trial on the merits, the post-conviction court rejected petitioner's claims on two grounds. First, the court concluded that the claims failed as a factual matter, because petitioner's criminal history score for the 2016 convictions was not the result of his 2008 kidnapping conviction being included in his criminal history score but, instead, was the result of petitioner's acceptance of a plea offer that "required petitioner to stipulate to a specific grid block (B) to achieve the sentences the prosecutor was looking for and avoid the much higher sentences petitioner would have received if convicted in federal court," to which the prosecutor intended to refer the cases

---

[1] We express no opinion as to the viability of that legal argument as it is not necessary for resolution of this appeal.

[2] Again, we express no opinion as to the viability of that legal argument.

should petitioner decline the plea offer. The court indicated that since all of petitioner's claims rested on the assertion that the sentences involved in the 2016 cases were affected by his 2008 kidnapping conviction, its conclusion was sufficient to dispose of all of petitioner's claims. Nonetheless, the post-conviction court went on to hold alternatively that petitioner was not entitled to relief because *Ramos* did not apply retroactively in post-conviction cases. On appeal, petitioner asserts that the post-conviction court erred in reaching both conclusions. As explained below, we affirm the judgment of the post-conviction court.

As an initial matter, we note that the parties are in agreement that, in light of *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 886 (2022), in which the Oregon Supreme Court held that *Ramos* does apply retroactively under Oregon's Post-Conviction Hearings Act, ORS 138.510 to 138.680, the post-conviction court's alternative basis for denying petitioner's petition was incorrect. Thus, the question on appeal reduces to whether the record supports the post-conviction court's factual conclusion that petitioner's sentences on his 2016 convictions resulted not from a criminal history score based in part on his prior kidnapping conviction, but from a stipulated sentencing agreement.

A post-conviction court's findings of historical fact are binding on this court if evidence in the record supports them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In the 2016 proceeding, petitioner received a sentence of 65 months' imprisonment on one of his convictions—a presumptive sentence under grid block 9B on the sentencing-guidelines grid. He received a sentence of 9 months' imprisonment on the other conviction—a presumptive sentence under grid block 4B on the sentencing-guidelines grid. There is conflicting evidence in the record about the "9B" and "4B" grid blocks used in petitioner's sentences. Petitioner notes in particular a portion of the transcript of the sentencing proceeding in which a prosecutor stated with respect to the second conviction that he "gets to a 4B [under the sentencing-guidelines grid] by way of a coercion conviction out of Deschutes County in 2008 and a kidnap in the second degree conviction also out of 2008." Thus, petitioner asserts, the record establishes that the court used a criminal history

score of B (4B for one of the convictions and 9B for the other) based on his constitutionally infirm 2008 kidnapping conviction. While that evidence could, in fact, support petitioner's contention, the difficulty with petitioner's argument is that that is not the only relevant evidence in the record. The transcript of the proceeding also contains evidence that the sentences had been stipulated by the parties pursuant to a plea agreement.[3]

Moreover, the state presented evidence from both the defense counsel and the prosecutor who actually engaged in the plea negotiations. Defense counsel averred:

> "The prosecutor, Daniel Reesor, communicated a global plea offer in which petitioner would plead guilty to one count of delivery of 500 grams or more of methamphetamine and one count of delivery of methamphetamine and stipulate to sentencing grid blocks 9B and 4B respectively in exchange for dismissal of the remaining counts. Mr. Reesor indicated that, if petitioner did not accept that offer, he would refer the case to the U.S. Attorney's Office for federal prosecution."

Reesor confirmed this:

> "I told petitioner's attorneys * * * during our plea negotiations that we would refer him for federal prosecution if he did not accept our offer. The offer included a provision that petitioner stipulated to specific grid blocks on the sentencing guidelines. We chose those grid blocks in part because of the much longer prison sentence we would have sought if he had rejected the offer and we had referred the case to federal authorities."

Defense counsel further averred that he "went over the plea petition with petitioner and discussed each of the paragraphs." The plea petitions themselves indicated that

---

[3] ORS 135.407(2) provides that parties

"may stipulate to the grid block classification within the sentencing guidelines grid established by the rules of the Oregon Criminal Justice Commission that will provide the presumptive sentence range for the offender. The sentencing judge may accept the stipulated classification and impose the presumptive sentence provided in the rules of the Oregon Criminal Justice Commission for that grid block."

The sentences imposed in the 2016 proceeding were presumptive sentences under grid blocks 9B and 4B.

petitioner agreed to the guidelines grid blocks used for the sentences. Defense counsel indicated that the grid blocks that might apply were the case to go to trial in state court were not the focus of his discussions with defendant because, if defendant turned down the plea, he would not in fact be going to trial in state court—he would instead be referred to federal court where, if convicted, he would face a significantly longer sentence.

On appeal, petitioner argues that the post-conviction court, in reaching its conclusion that "petitioner was sentenced as a 'B' not because of his kidnapping conviction but because the stipulation to a 'B' gridblock was part of a plea deal by which petitioner avoided a likely federal sentence of 10 years," impermissibly speculated that the prosecutor who spoke at sentencing (who was not the same prosecutor who negotiated the plea) "simply was not familiar with the case" when he made the statement about sentencing grid block 4B. He asserts that the prosecutor's statement at sentencing was "the best evidence of the parties' understanding that they thought petitioner was a 'B.'" But even if we agreed with petitioner's assertion that the statement of the prosecutor at sentencing was the "best" evidence—a debatable proposition in light of the evidence from the prosecutor and defense counsel actually involved in the plea negotiations— we do not, on appeal, undertake to determine whether a post-conviction's factual conclusions are supported by what we view as the "best" evidence. A post-conviction court's factual findings are binding on this court if evidence in the record supports them. As we stated in *Pratt v. Armenakis*, 201 Or App 217, 220, 118 P3d 821 (2005):

> "[O]ur review is limited to determining whether there is any evidence in the record to support the post-conviction court's findings. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). Under that standard of review, we do not reweigh the evidence or speculate whether the evidence might have supported other factual findings than those made by the trial court. We simply determine whether any evidence does support the findings of the trial court."

On this record, we conclude that the record supports the post-conviction court's factual finding that petitioner's 2016 sentences were not based on his prior kidnapping

conviction but were the result of a plea deal under which petitioner avoided prosecution in federal court for offenses that would carry a harsher penalty than the agreed-upon sentences.

Affirmed.