544 December 4, 2024 No. 872

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PETRONILO LOPEZ-MINJAREZ,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,

Oregon State Penitentiary,
*Defendant-Respondent.*
Marion County Circuit Court
18CV57288; A176856

Claudia M. Burton, Senior Judge.

Argued and submitted September 7, 2023.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment that denied his petition for post-conviction relief. In the underlying criminal case, petitioner was convicted of felony murder. On appeal, he raises four assignments of error, arguing that the post-conviction court erred when it denied his claims alleging inadequate and ineffective assistance of counsel. Specifically, petitioner argues that his first trial counsel provided deficient representation by referencing petitioner's previously excluded statements, that retrial counsel provided deficient representation by requesting a legally incorrect jury instruction, and that appellate counsel provided deficient representation by failing to assign error to the trial court's refusal to instruct the jury on withdrawal or to give prior versions of petitioner's requested instruction. We conclude that the post-conviction court did not err because petitioner did not establish that first trial counsel or retrial counsel's performance prejudiced him or that appellate counsel failed to exercise reasonable professional skill and judgment. Further, we conclude that the record supports the post-conviction court's finding that appellate counsel did, in fact, raise the trial court's refusal to give a withdrawal instruction on appeal. Accordingly, we affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.* Because the parties are familiar with the facts and procedural background, we briefly state only the facts necessary to provide context for our decision and supplement those facts in the discussion of each assignment of error.

The underlying criminal proceeding "arose after [petitioner] and his father drove in [petitioner's] truck to the home of a man who was having an extra-marital affair with [petitioner's] mother." *State v. Lopez-Minjarez*, 289 Or App 403, 404, 410 P3d 1109 (2017), *rev den*, 363 Or 390 (2018) (*Lopez-Minjarez II*) (internal quotation marks omitted). "The victim—the man's teen-aged son—arrived shortly thereafter." *Id.* (internal quotation marks omitted). Petitioner "or

his father, or the two of them together, pushed the victim into the house, where the victim was shot, but not killed. The victim was then forced into [petitioner's] truck and taken to a remote area off a logging spur road, where he was killed." *Id.* (internal quotation marks omitted). Petitioner's father was never apprehended. *Id.*

A jury convicted petitioner of several crimes, including felony murder. *Id.* The Supreme Court ultimately reversed, concluding that the trial court incorrectly instructed the jury on accomplice liability. *State v. Lopez-Minjarez*, 350 Or 576, 589-91, 260 P3d 439 (2011) (*Lopez-Minjarez I*). On retrial, a jury again convicted defendant of felony murder and other crimes, and we affirmed. *Lopez-Minjarez II*, 289 Or App at 404-07. The Supreme Court denied review. *State v. Lopez-Minjarez*, 363 Or 390, 434 P3d 33 (2018).

In 2020, petitioner filed a petition for post-conviction relief. As relevant to this appeal, petitioner alleged that his first trial counsel were inadequate and ineffective and prejudiced his retrial. He also alleged three claims that trial counsel and appellate counsel from his retrial were inadequate and ineffective. The post-conviction court denied relief on all claims. This appeal followed. In our following analysis, we address petitioner's assignments of error in chronological order, starting with the claim against his first trial counsel, before turning to his claims regarding retrial counsel and appellate counsel.

*First trial counsel: Petitioner's excluded statements.*

In petitioner's fourth assignment of error, he argues that the post-conviction court erred when it denied his claim that his first trial counsel provided inadequate and ineffective assistance of counsel by "open[ing] the door" to petitioner's previously excluded statements. Petitioner argues that he was prejudiced because the trial court in his retrial adopted the ruling from petitioner's first trial and admitted the statements.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence,

facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." (internal quotation marks and brackets omitted)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

Even if counsel's representation amounted to deficient performance, petitioner has not established that the previously excluded statements prejudiced him on retrial. As the post-conviction court found, the statements provided some benefit to petitioner. Namely, the statements were consistent with his theory that his father was solely responsible for the murder. Petitioner testified that he was drunk on the night the victim was killed, that he hid in a McDonald's bathroom for approximately 40 minutes after his father drove away with the victim, and that his father later returned without the victim. In addition, a psychology professor testified that a combination of alcohol and "a high level of stress" would interfere with a person's memory. Moreover, even if the statements negatively impacted petitioner's credibility, they were not the only evidence that had that effect. As the post-conviction court found, the other evidence against petitioner, including physical evidence, was "much more problematic" than the previously excluded statements themselves. Because we conclude that the record supports the post-conviction court's findings, we conclude that petitioner cannot prove either a tendency or reasonable probability of a different outcome, absent trial counsel "open[ing] the door"

to those statements. The post-conviction court did not err when it denied relief.

*Retrial counsel: Legally incorrect jury instruction.*

In his first assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that retrial counsel's representation was inadequate and ineffective. Specifically, that claim alleged that retrial counsel proposed a legally incorrect jury instruction[1] and that petitioner was prejudiced because "a juror confirmed to [retrial counsel] that, had the jury been given a proper version of the * * * accomplice liability instruction, he would have voted not guilty on felony murder."

On retrial, petitioner argued that he had withdrawn from the felonies before his father murdered the victim and proposed several instructions that addressed withdrawal. The trial court asked petitioner to revise his proposed instruction, and petitioner ultimately proposed the following final instruction:

> "Felony Murder requires a 'causal connection' between the felony the defendant was committing and the homicide. If the felony was completed, terminated, or withdrawn from prior to the coparticipant's *commission of the felony*, this may be sufficient to break the causal connection between the felony and the homicide in a manner which relieves the defendant of legal responsibility for felony murder."

*Lopez-Minjarez II*, 289 Or App at 404-05 (emphasis in *Lopez-Minjarez II*). The state argued that "[t]here is no law in Oregon called termination and completion or withdrawal" and that petitioner misinterpreted the Supreme Court's opinion in *Lopez-Minjarez I*. The trial court then declined to give that instruction. *Id.* at 405. Instead, the trial court instructed the jury that

---

[1] On direct appeal and in his post-conviction case, petitioner and the post-conviction court referred to the error in the proposed jury instruction as a "typographical error." In *Lopez-Minjarez II*, we explained that, "in the context of written jury instructions, any word choice that affects the meaning of the instruction in a material way cannot be considered by us as merely a 'typographical' error." 289 Or App at 406. Because we concluded that the proposed instruction "was not a correct statement of law," *id.* at 404, we refer to the proposed instruction as "legally incorrect."

"a person commits the crime of felony murder \*\*\* if that person acting alone or with one or more persons commits the crime of [first-degree burglary or first-degree kidnapping] and in the course of and in furtherance of the crime the person is committing, the person, or another participant \*\*\* causes the death of a person other than one of the participants in the crime."

Even if counsel's proposal of the legally incorrect instruction was deficient performance, it did not prejudice petitioner at retrial or on appeal. At retrial, the court did not rely on the error in the instruction when it rejected petitioner's proposed jury instruction. Indeed, the trial court did not mention the error in the instruction. Instead, after considering petitioner's numerous proposed instructions on withdrawal and the state's argument that "[t]here is no law in Oregon called termination and completion or withdrawal" and "there's no defense of withdrawal," the trial court declined to instruct the jury on withdrawal at all. As a consequence, the record does not demonstrate a tendency or a reasonable probability that, even if counsel had proposed a legally correct legal instruction, the trial court would have given such an instruction.

Petitioner was likewise not prejudiced on appeal. On appeal from his retrial, petitioner's first assignment of error challenged the trial court's refusal to give his requested instruction and his second assignment of error challenged the court's refusal "to instruct the jury that if [petitioner] withdrew or terminated his participation in kidnapping and burglary, the jury could find that [the] causal connection between his participation in the felonies and the killing of the victim was severed." In considering those arguments, we observed:

"Appellate defense counsel acknowledge[d] that the italicized wording in that last-in-time filing was not a correct statement of the law. Both defense counsel and the state classif[ied] the requested instruction as containing a 'typographical error' and urge[d] this court to read the instruction as intending to say 'commission of the homicide' as opposed to 'commission of the felony.'"

*Lopez-Minjarez II*, 289 Or App at 405. We affirmed, explaining that

> "we cannot judge the instruction based on what the parties intended to submit. We are confined to what was, in fact, submitted. And the written form of that submission, by everyone's agreement, was not a correct statement of the law. It is well settled that it is not error for a trial court to refuse to give an instruction unless that instruction was correct in all respects."

*Id.* at 406-07.

We understand petitioner to argue that the post-conviction court erred when it determined that he was not prejudiced on appeal because it "ignore[d] how [the Court of Appeals] framed the issue" and because we "did not appear to have decided whether the trial court should have read a withdrawal instruction."

We observe that our opinion in *Lopez-Minjarez II* did not explicitly address petitioner's second assignment of error that the trial court erred when it refused "to instruct the jury that if [petitioner] withdrew or terminated his participation in kidnapping and burglary, the jury could find that [the] causal connection between his participation in the felonies and the killing of the victim was severed." Although we expressly rejected petitioner's third and fourth assignments of error without discussion and noted that petitioner's "first and second assignments raise[d] a combined challenge to the trial court's denial of his special requested jury instruction," we affirmed because "[i]t is well settled that it is not error for a trial court to refuse to give an instruction unless that instruction was correct in all respects." *Id.* at 404, 406-07. Consequently, our opinion could be understood to imply that we rejected petitioner's second assignment of error—irrespective of the final instruction's wording—because the instruction was legally erroneous. Stated differently, our opinion could be understood to mean that retrial counsel's error prevented us from considering petitioner's requested withdrawal instruction at all.

But even in that circumstance, petitioner still could not demonstrate prejudice. To demonstrate that retrial counsel's error prejudiced him on appeal, petitioner was required to establish that, had retrial counsel proposed a legally correct instruction, we would have reversed. And petitioner

cannot do so here. Given the circumstances of petitioner's retrial, the trial court was not required to instruct the jury on withdrawal from felony murder. While petitioner was "entitled to a jury instruction on the law that support[ed] [his] theory of the case," *State v. Allen*, 312 Or App 584, 609, 494 P3d 939 (2021), withdrawal is a factual question. *Lopez-Minjarez I*, 350 Or at 590 (recognizing that withdrawal is a factual scenario that can "break the causal connection between the felony and the homicide" and that whether the "homicide is incidental to the felony or part of a continuing sequence of events *** ordinarily is a question of fact for the jury."). As the post-conviction court correctly recognized, "there is no caselaw holding that an instruction on withdrawal is required in a felony murder case."

Moreover, a party is not entitled to "a proposed instruction—even if legally correct—if the substance of the requested instruction is covered fully by other jury instructions given by the trial court." *Allen*, 312 Or App at 609 (internal quotation marks omitted). Here, the trial court properly instructed the jury that it was required to find "some causal connection between the felony [petitioner] was committing and the homicide" before it could find petitioner guilty of felony murder. The trial court further instructed the jury that "[t]he underlying felony and the homicide need to be part of [a] series of incidents sufficiently related to each other that they can be said to form a continuing sequence of events." Unlike the erroneous proposed instruction from petitioner's first trial, the retrial instructions did not prevent the jury from acquitting petitioner if it found that he had broken the chain of causation by withdrawing. Indeed, the retrial instruction expressly allowed the jury to accept petitioner's theory of the case.

Because the error in the proposed instruction did not affect our ultimate disposition of petitioner's claim regarding the requested withdrawal instruction, petitioner cannot demonstrate that, but for counsel's deficient performance, there was a tendency or reasonable probability that a different outcome on appeal would have resulted. Accordingly, the post-conviction court did not err when it denied petitioner's claim for relief.

*Appellate counsel: Failure to assign error to trial court's refusal to give prior versions of petitioner's requested jury instruction.*

In his second assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that appellate counsel provided inadequate and ineffective assistance of counsel when counsel failed to assign error to the trial court's refusal to give the prior versions of his proposed jury instruction on withdrawal.

To prevail on a claim of inadequate assistance of appellate counsel under the Oregon Constitution, a petitioner "must establish (1) that competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." *Pratt v. Armenakis*, 199 Or App 448, 464, 112 P3d 371, *adh'd to on recons*, 201 Or App 217, 118 P3d 821 (2005), *rev den*, 340 Or 483 (2006) (internal quotation marks omitted). Under the Sixth and Fourteenth Amendments to the United States Constitution, a petitioner must demonstrate that appellate counsel's failure to raise the claim on appeal "was objectively unreasonable" and "must show a reasonable probability" that petitioner would have prevailed on appeal, but for counsel's failure. *Smith v. Robbins*, 528 US 259, 285-86, 120 S Ct 746, 145 L Ed 2d 756 (2000).

It is well established that appellate counsel has great discretion to decide what claims to present on appeal. *Id.* at 288 ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."); *Jones v. Barnes*, 463 US 745, 751, 103 S Ct 3308, 77 L Ed 2d 987 (1983) (explaining that no case law "suggests *** that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"); *Mesta v. Franke*, 261 Or App 759, 772-86, 322 P3d 1136 (2014) (holding that the petitioner's appellate counsel was neither inadequate nor ineffective for "failing to raise the OEC 403 issue" on appeal precisely how the petitioner claimed counsel should have).

Although appellate counsel did not separately assign error to the trial court's failure to give prior versions of the instructions, appellate counsel did argue that retrial counsel had proposed several other versions of a withdrawal instruction and that the trial court was required to instruct the jury on withdrawal. Appellate counsel thus chose how to present the issue of the prior versions of the withdrawal instructions to the appellate court. That kind of advocacy choice falls within the discretion of an appellate attorney. Petitioner did not establish that the way in which appellate counsel presented the issues fell below constitutional norms under either the state or federal constitutions. The post-conviction court did not err when it denied relief on this claim.

*Appellate counsel: Failure to assign error to trial court's refusal to give a withdrawal instruction.*

In his third assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that appellate counsel provided inadequate and ineffective assistance of counsel when counsel failed to assign error to the trial court's refusal to give a withdrawal instruction. However, the post-conviction court found that appellate counsel did, in fact, raise that argument and the record supports that factual finding. Consequently, appellate counsel's representation was not deficient under the state or federal constitutions and we conclude that the post-conviction court did not err when it denied relief on petitioner's claim.

Affirmed.